IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TODD M. TERRELL**     **PLAINTIFF**

**v.**     **No. 4:25CV134-JMV**

**MDOC COMMISSIONER BURL CAIN, ET AL.**     **DEFENDANTS**

### ORDER DIRECTING CLERK OF THE COURT TO ISSUE NOTICES OF LAWSUITS AND REQUESTS TO WAIVE SERVICE OF SUMMONS UPON DEFENDANTS

*Pro se* plaintiff Todd M. Terrell is incarcerated with the Mississippi Department of Corrections ("MDOC") and brings the instant complaint challenging the conditions of his confinement. The named defendants are MDOC Commissioner Burl Cain and Dr. Colette Scott, Medical Director for Vital Core Health Strategies.[1] The plaintiff is proceeding as a pauper. After liberally construing the plaintiff's complaint [1] and supporting documents, it is

**ORDERED**:

(1) That the Clerk of the Court issue *Notices of Lawsuit and Requests to Waive Service of Summons* for Defendants. The Clerk is **DIRECTED** to attach a copy of this Order to a copy of the Complaint [1], a Magistrate Judge Consent/Declination Form, issued *Notices*, and the *Waiver of the Service of Summons* form and send them, respectively, via High Priority/Return Receipt email to: **MDOC Commissioner Burl Cain**, in care of Janis G. Stanciel, **and Dr. Colette Scott, Medical Director for Vital Core Health Strategies** in care of Troy Berberick. *Defendants are **DIRECTED** to file a signed Waiver form or a Response, within 30 days*.

---

[1] The plaintiff has also named Unit 29 Medical Employees and Unit 29 Corrections Officers as defendants, noting that he does not know the names of the individual employees and officers.

If counsel is receiving this Order and is unable to execute a *Waiver* for a defendant because the Defendant is not employed by the entity that counsel represents or because, after due diligence, counsel is unable to identify the Defendant from the *Notice* and Complaint, a Response should be filed. The Response, from counsel, should contain the name of the Defendant and, if previously employed by the entity counsel represents, the Defendant's last known address. If the Response contains the last known address, counsel must file it under seal.

(2) Defendants shall file their answers or other responsive pleadings in this cause in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

(3) As provided in the Federal Rules of Civil Procedure, discovery is stayed until further order of this Court.

(4) Subpoenas shall not be issued except by order of the Court. The Clerk of the Court shall not issue subpoenas upon request of the *pro se* litigant, but shall, instead, forward the request to the Magistrate Judge assigned to the case for review.

This Order allowing process to issue against the Defendants does not reflect any opinion of the Court regarding the merit of the claims in the Complaint.

**The Plaintiff is responsible for prosecuting this case. Failure to keep the Court informed of a change of address or failure to comply with any Order of this Court will be deemed purposeful delay and contumacious act by the Plaintiff and may result in dismissal of this case without prejudice.**

**SO ORDERED**, this, the 12th day of March, 2026.

/s/   Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**